IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF MADISON V. & VINCENT V.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF MADISON V. AND VINCENT V., CHILDREN UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

ANTHONY V., APPELLANT.

Filed April 28, 2015.    No. A-14-859.

Appeal from the Separate Juvenile Court of Lancaster County: REGGIE L. RYDER, Judge. Affirmed in part, and in part reversed and remanded with directions.

Abby Osborn, of Shiffermiller Law Office, P.C., L.L.O., for appellant.

Joe Kelly, Lancaster County Attorney, Ashley J. Bohnet, and Michael S. Boal, Senior Certified Law Student, for appellee.

MOORE, Chief Judge, and IRWIN and RIEDMANN, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Anthony V. appeals a disposition order entered by the Separate Juvenile Court of Lancaster County, Nebraska, concerning Madison V. and Vincent V., children previously adjudicated as being within the jurisdiction of the juvenile court. On appeal, Anthony asserts that portions of the court's dispositional order relating to him and substance abuse were not material to the issue adjudicated by the court and that the court erred in awarding temporary legal custody of the minor children to the Department of Health and Human Services (DHHS). On appeal, we find no merit to Anthony's assertion regarding the dispositional order's requirements, but we do find merit to

Anthony's assertion regarding legal custody of the children. We affirm in part, and in part reverse and remand with directions.

## II. BACKGROUND

In February 2014, a petition was filed in the juvenile court in which the State alleged that Madison and Vincent were at risk of harm by the fault or habits of Anthony and/or were in a situation dangerous to their life or limb or injurious to their health or morals. The State alleged that in November 2013, Anthony had engaged in a domestic violence confrontation with the minor children's mother, Jessica F., in the family home and/or in the presence of one or more of the minor children, that Anthony had failed to provide a safe and stable home for the minor children, and that Anthony's actions had placed the minor children at risk of harm.

In April 2014, Anthony entered a no contest plea to the assertions of the juvenile court petition. To provide a factual basis to support the plea, the State offered a copy of the Lincoln Police Department report for the alleged domestic altercation between Anthony and Jessica from the previous November. That factual basis referenced that Anthony had been given a preliminary breath test in conjunction with the incident, which had registered a blood alcohol content of .042.

As a result of Anthony's plea and the factual basis, the court adjudicated the children as being within the jurisdiction of the court. In the adjudication order, the juvenile court ordered that all temporary orders previously entered would remain in effect pending a subsequent disposition hearing and disposition order. No such temporary orders appear in the transcript presented to this court, but testimony at the later disposition hearing indicates that physical and legal custody remained with Jessica.

A disposition hearing was held on May 22 and August 28, 2014. At that hearing, the DHHS caseworker assigned to the case testified, and the court received DHHS and guardian ad litem reports.

Testimony at the disposition hearing indicated that a pretreatment assessment and a substance abuse evaluation had been scheduled for Anthony and that he had undergone random urinary analysis to monitor substance abuse. The caseworker testified that DHHS was recommending a substance abuse evaluation because she believed that testing was necessary to evaluate whether Anthony could parent appropriately. The reports received by the court indicated a then recent legal charge against Anthony stemming from his possession of marijuana and drug paraphernalia in the family home.

During the August 2014 portion of the disposition hearing, the caseworker testified that Anthony had been regularly tested for drugs and alcohol and had failed one test for consuming alcohol. She testified that the service provider that had performed a substance abuse evaluation had recommended outpatient treatment for Anthony's substance abuse issues. One of the court reports indicated that in the substance abuse evaluation Anthony had admitted to smoking marijuana and drinking alcohol subsequent to the domestic violence altercation with Jessica.

During the disposition hearing, the caseworker testified that DHHS was requesting temporary legal custody of the children. She testified that DHHS wanted "to be able to ensure the safety of the children" and wanted to make sure that if services were necessary for the children DHHS could provide them. She testified that it was her understanding that DHHS did not provide services to the children if legal custody was not placed with DHHS. She also testified that it was

necessary for DHHS to have legal custody "to arrange and pay for services" and that having custody would allow DHHS to access records related to the children and provide services without having to wait for releases and other technicalities.

On September 3, 2014, the juvenile court entered a disposition order. In the disposition order, the court ordered that temporary legal custody should be placed with DHHS and that physical custody of the children should remain with Jessica. The court found that DHHS' plan was reasonable and material to the conditions leading to adjudication, and concluded that the primary permanency objective was family preservation with Jessica. Among the specific provisions included in the disposition order, the court ordered Anthony to participate in random drug testing, to not possess or consume alcohol or controlled substances, and to complete outpatient substance abuse treatment.

This appeal followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Anthony has assigned two errors. First, he asserts that the juvenile court erred in ordering provisions in the disposition order that were not material to the basis for adjudication. Second, he asserts that the court erred in awarding temporary legal custody to DHHS.

## IV. ANALYSIS

Cases arising under the Nebraska Juvenile Code are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the trial court's findings. However, when the evidence is in conflict, the appellate court will consider and give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over another. *In re Interest of Shayla H.*, 22 Neb. App. 1, 846 N.W.2d 668 (2014).

### 1. MATERIALITY OF DISPOSITION PLAN

Anthony first asserts that the various provisions of the disposition order requiring him to submit to testing and treatment related to substance abuse issues were not material to the basis for adjudication, which was the domestic violence incident between Anthony and Jessica. We find no merit to these assertions.

The Nebraska Juvenile Code must be liberally construed to accomplish its purpose of serving the best interests of the juveniles who fall within it. *In re Interest of Shayla H.*, 22 Neb. App. 1, 846 N.W.2d 668 (2014). The juvenile court has broad discretion as to the disposition of those who fall within its jurisdiction. *Id.* Juvenile courts have broad discretion to accomplish the purpose of serving the best interests of the children involved. *Id.*

A juvenile court has the discretionary power to prescribe a reasonable program for parental rehabilitation to correct the conditions underlying the adjudication that a child is within the Nebraska Juvenile Code. *Id.*

In analyzing the reasonableness of a plan offered by a juvenile court, the Nebraska Supreme Court has noted that provisions in the plan must tend to correct, eliminate, or ameliorate the situation or condition on which the adjudication was obtained under the Nebraska Juvenile Code. See *In re Interest of Rylee S.*, 285 Neb. 774, 829 N.W.2d 445 (2013); *In re Interest of Shayla H., supra*. Such a tendency provides the materiality necessary in a rehabilitative plan for a parent

involved in proceedings within a juvenile court's jurisdiction. *Id.* Otherwise, a court-ordered plan, ostensibly rehabilitative of the conditions leading to adjudication, would be nothing more than a plan for the sake of a plan, devoid of corrective and remedial measures. *Id.* Reasonableness depends on the circumstances in a particular case and is examined on a case-by-case basis. *Id.*

In this case, Anthony is correct that the core basis for adjudication was related to the incident of domestic violence by himself against Jessica. In the petition, the State alleged that Anthony had engaged in a domestic violence confrontation with Jessica in the family home and/or in the presence of the minor children, had failed to provide a safe and stable home, and that his actions had placed the minor children at risk of harm. Anthony responded to these allegations by pleading no contest in the juvenile court proceedings.

The police report related to the domestic violence incident, which provided the factual basis to support Anthony's plea at the adjudication hearing, suggested that Anthony and Jessica had argued, the argument became physical, and Jessica was observed to have a large scratch across her chest. One of the minor children, Madison, told police officers that she had almost been pushed down the stairs during the altercation.

According to the police report, Anthony had contacted law enforcement to report that there was marijuana in the home. Anthony was arrested and submitted to a blood alcohol test, which indicated a blood alcohol content of .042 at the time he was processed at the jail. The factual basis presented by the State also included an indication that Anthony had tested positive for T.H.C. within one week after the domestic violence incident.

The evidence adduced at the disposition hearing included indications of a recent legal charge stemming from Anthony's possession of marijuana and various drug paraphernalia while smoking marijuana in the family home. Between the adjudication and the disposition hearing, Anthony had been regularly tested for drugs and alcohol and had failed one test for consuming alcohol. Service providers had completed a substance abuse evaluation and recommended outpatient treatment, and during the evaluation Anthony had admitted to smoking marijuana and drinking alcohol subsequent to the domestic violence incident.

We do not find the juvenile court's adoption of provisions related to Anthony's use of alcohol and drugs to be immaterial in the context of the adjudication and a reasonable case plan in this case. Although the core of the basis for adjudication was a domestic violence incident, there is evidence that Anthony had consumed alcohol prior to the incident; that drugs were present in the family home; and that subsequent to adjudication and pending disposition, he had continued to use alcohol and drugs. There was testimony that evaluation and treatment were necessary to ensure the safety of the children and to ensure that Anthony could parent appropriately, which is not immaterial to the adjudication that Anthony's actions had placed the children in a situation dangerous to their health and well-being.

The present case is not similar in this respect to *In re Interest of Shayla H., supra*. In that case, the underlying adjudication was based on allegations that the minor children had been subjected to inappropriate discipline by their mother. We found provisions imposed against the father regarding appropriate discipline, therapy, and cooperation with service providers were reasonably related to the adjudication. We found, however, that provisions regarding the father discussing the children's mother, providing access to mental health care, scheduling and attending medical visits, and scheduling a speech and language evaluation were not material to the

adjudication because there was no evidence that adherence to them would ameliorate or correct the mother's use of improper discipline.

In this case, unlike in *In re Interest of Shayla H.*, the provisions regarding substance abuse and substance abuse treatment, are not wholly unrelated to the circumstances of the initial adjudication or the factual basis therefor. We thus find no merit to Anthony's assertion that the provisions were improper.

## 2. TEMPORARY LEGAL CUSTODY

Anthony next asserts that the juvenile court erred in placing temporary legal custody with DHHS. He argues that there was no showing that Jessica was not fit or appropriate to keep legal custody of the parties' children and that there was no showing that either Anthony or Jessica had forfeited their right to custody. We agree, and we reverse and remand with directions to place legal custody with Jessica.

Absent an abuse of discretion, a trial court's decision bearing on custody of a minor child will not be disturbed on appeal. *In re Interest of Amber G.*, 250 Neb. 973, 554 N.W.2d 142 (1996). The juvenile court is authorized to exercise broad discretion in its disposition of children who have been found to be abused or neglected. *Id.*

However, this broad discretion is not without limitation. *Id.* A court may not properly deprive a biological or adoptive parent of custody of the minor child unless it is affirmatively shown that such parent is unfit to perform the duties imposed by the relationship or has forfeited that right; neither can a court deprive a parent of the custody of a child merely because the court reasonably believes that some other person could better provide for the child. *Id.*

In this case, the record establishes that the parties' children were adjudicated because of Anthony's actions, not because of any actions by Jessica. Indeed, the court specifically commented at the conclusion of the disposition hearing that "we're not here because of [Jessica]" and indicated to Jessica "I'm just going to be very careful in the things I'm going to include for you to do [Jessica], because again we're not here because of what you did. We're here because of what [Anthony] did."

During the testimony adduced at the hearing, there was no evidence adduced to suggest any problems with Jessica's physical or legal custody of the children. The caseworker testified that there had been no issues relating to Jessica providing necessary information. The caseworker was asked if there had been anything Jessica had done since the beginning of the case that required the State to request legal custody be placed with the Department, and she responded, "No." She testified that Jessica had cooperated with therapy for the children.

The caseworker testified that she believed that the Department having legal custody would "ensure the Department can make sure that the children are going to therapy appointments, ensure the Department can have access to all information pertaining to the children. Just ensuring the safety of the children." She acknowledged, however, that there had been no problems with Jessica making sure the children were attending therapy and providing all necessary access. She testified that it was necessary that the Department have legal custody to arrange and pay for services.

Anthony argues on appeal that the State failed to adduce sufficient evidence to justify removing legal custody of the parties' children from Jessica and placing it with the Department. We agree. The State adduced no evidence to warrant legal custody being removed from Jessica

and placed with the Department. Indeed, the State and the court both acknowledged during the course of the hearing that the adjudication was not because of Jessica, that there had been no issues related to Jessica, and that Jessica had done nothing to require a request for legal custody being changed.

On appeal, the State has presented no argument concerning why it was appropriate to modify legal custody and take it from Jessica. The State merely suggests that Anthony cannot "rest his claim on the legal rights or interests of third parties." Brief for Appellee at 12. The State cites to *In re Interest of Natasha H.*, 258 Neb. 131, 602 N.W.2d 439 (1999) in support of its assertion.

In this case, Anthony is not resting his claim on the legal rights or interests of third parties. In *In re Interest of Natasha H., supra*, the child's biological mother attempted to argue on appeal that termination of the father's parental rights was improper. In that context, the Supreme Court held that the mother lacked standing to raise the issue. In this case, however, Anthony is merely asserting that it was improper to place legal custody of his children with the Department. Anthony certainly has a legal interest in where the court places custody of his children, regardless of whether he is asserting that custody should be placed with him or with Jessica or with someone else other than the Department.

We conclude that the record presented does not provide a basis for changing legal custody of the parties' children from the biological mother, Jessica, to the Department. As such, we reverse and remand with directions to continue legal custody with Jessica absent evidence adduced at a review hearing that would justify removing custody from her.

## V. CONCLUSION

We find no merit to Anthony's assertion that the disposition requirements were not sufficiently related to the basis for adjudication. We find merit to Anthony's assertion that the court abused its discretion in placing legal custody with the Department instead of with the children's biological mother, Jessica. We affirm in part, and in part reverse and remand with directions.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.